IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Addison Gray,<br><br>        Petitioner,<br><br>v.<br><br>J. T. Shartle, Warden,<br><br>        Respondent. | No. CV-13-01057-TUC-JAS (BGM)<br><br>**AMENDED REPORT AND RECOMMENDATION**<br>**(Amended as to current place of incarceration only)** |

Currently pending before the Court is Petitioner Barry Addison Gray's *pro se* Second Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 8).  Respondent has filed his Return and Answer to Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus and Motion to Dismiss Petition ("Response") (Doc. 17) and Petition replied (Doc. 20).[1]

As an initial matter, the Court takes judicial notice that Louis W. Winn, Jr. is no longer warden of United States Penitentiary–Tucson ("USP–Tucson").  The Court will substitute the new Warden of USP–Tucson, J. T. Shartle, as Respondent pursuant to Rule

---

[1] Although Respondent's Response (Doc. 17) is properly an Answer as directed by the Court's January 22, 2015 Order (Doc. 13), the caption incorrectly asserts that it is also a "Motion to Dismiss."

25(d) of the Federal Rules of Civil Procedure.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[2] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 8).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary–Coleman I ("USP–Coleman") in Sumterville, Florida. *See* BOP Inmate Locator, *available at* http://www.bop.gov/inmateloc (last visited May 27, 2016). On November 27, 1995, Petitioner was arrested by the Federal Bureau of Investigation ("FBI") in Las Vegas Nevada. Response (Doc. 17), Woods-Coleman Decl. (Exh. "A"), United States Marshals Service Prisoner Tracking System (Attach. "1") at 1. At the time of Petitioner's arrest, he was an escaped prisoner from the State of Tennessee, where he had been serving a life sentence. *Id.*; *see also* Petition (Doc. 8) at 4. On May 7, 1996, Petitioner pleaded guilty to one count of Bank Robbery with a Weapon in violation of Section 2113(a) and (d), Title 18 of the United States Code. Response (Doc. 17), Exh. "A," USDC Nevada Judgment – Case No. 2:95CR00324-001 (Attach. "3") at 1. He was sentenced to 235 months in prison. *Id.*, Attach. "3" at 2. On June 10, 1996, Petitioner was designated to the United States Penitentiary in Atlanta, Georgia ("USP–Atlanta"). Response (Doc. 17), Exh. "A," Inmate History 1/29/2015 (Attach. "4") at 3.

On December 6, 1996, Petitioner was released from USP–Atlanta on a Federal

---

[2] Rules of Practice of the United States District Court for the District of Arizona.

- 2 -

Writ. *Id.* On May 22, 1997, Petitioner pleaded guilty to Bank Robbery with a Firearm and Aiding and Abetting in violation of Section 2113(a) and (d) and Section 2, Title 18 of the United States Code. Response (Doc. 17), Exh. "A," USDC N. Dist. of Ala. Judgment – Case No. CR-96-S-49-NE (Attach. "5") at 1. Petitioner was again sentenced to 235 months imprisonment. *Id.*, Attach. "5" at 2. The Court further directed that:

> [T]his sentence shall run consecutively to the undischarged terms of imprisonment in the following cases: (1) Fulton County Superior Court, Atlanta, Georgia, Case # 95338; (2) Davidson County Criminal Court, Nashville, Tennessee, Case # C-6057; (3) Davidson County Criminal Court, Nashville, Tennessee, Case # 86-W-563; (4) Polk County 10th Circuit, Bartow, Florida, Case CF-85-4644A1-XX; and (5) U.S. District Court, Las Vegas, Nevada, Case CR-S-95-324-PMP.

*Id.* On June 11, 1997, Petitioner returned to USP–Atlanta and has remained in the custody of the Bureau of Prisons ("BOP") since that date. *Id.*, Attach. "4" at 1–3. On January 26, 1999, the State of Tennessee lodged a detainer with BOP indicating its intent to take custody of Petitioner at the end of his Federal prison term to serve the remainder of his life sentence. Response (Doc. 17), Exh. "A," Sentence Monitoring Computation Data 1/29/2015 (Attach. "6") at 4. On May 16, 2000, the State of Georgia's Board of Pardons and Paroles also lodged a detainer with BOP related to a parole violation in that state. *Id.*

BOP has aggregated Petitioner's two 235-month sentences into a single 470-month sentence. Response (Doc. 17), Exh. "A," Attach. "6" at 3. Based on Petitioner's prior credit time and assuming that he earns all of the Good Conduct Time ("GCT") for which he is eligible, Petitioner's projected release date is July 28, 2030. *Id.*, Attach. "6" at 1.

Petitioner filed his initial petition (Doc. 1) on August 30, 2013, which was subsequently amended pursuant to Order of this Court.  *See* Order 12/5/2013 (Doc. 4); Order 6/4/2014 (Doc. 7).  Petitioner seeks to serve his sentence with the State of Tennessee prior to his Federal sentences.  Petition (Doc. 8) at 4–5.

## II.  ANALYSIS

### A.  Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction."  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)).  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Id.* at 864.  Therefore, a proper characterization of the petition is necessary to a determination of jurisdiction.  *Id.*

Here, Petitioner is challenging the manner, location or condition of the execution of his sentence.  *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) ("a prisoner may seek a writ of habeas corpus under 28

- 4 -

U.S.C. § 2241 for 'expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole'") (quoting *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989)); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *Weinstein v. U.S. Parole Comm'n*, 902 F.2d 1451, 1452 (9th Cir. 1990) ("The district court had jurisdiction pursuant to 28 U.S.C. § 2241 to review a claim by a federal prisoner challenging a decision of the United States Parole Commission"); *Bostic v. Carlson*, 884 F.2d at 1269 ("Habeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation without due process of law").  Such a challenge must be brought pursuant to § 2241 in the custodial court.  At the time of filing the Petition, Petitioner was incarcerated at USP–Tucson in Arizona.  Accordingly, this Court has jurisdiction over this matter.  *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

### ***B. Exhaustion***

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). "The requirement that federal prisoners exhaust administrative remedies before filing a

- 5 -

habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55, 115 S.Ct. 2021, 2023–24, 132 L.Ed.2d 46 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alterations in original) (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006)).

"Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Id.* (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Exhaustion may be excused if pursuing an administrative remedy would be futile. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas

corpus claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (citing *Francis*, *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. *See Francis*, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647–48, 91 L.Ed.2d 397 (1986) (cause and prejudice test applied to procedural defaults on appeal); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906–08 (9th Cir. 1986) (cause and prejudice test applied to *pro se* litigants).

The BOP has established an administrative remedy process permitting an inmate to seek review of an issue relating to "any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Here, the record reflects that Petitioner has filed several requests for administrative remedies regarding his federal confinement. Response (Doc. 17), Exh. "A," Admin. Remedy Generalized Retrieval 1/29/2015 (Attach. "7") at 1–4. These requests were denied. *See id.* Accordingly, the Court concludes that Petitioner has exhausted his administrative remedies.

### *C. Priority of Jurisdiction*

Petitioner asserts that "the District Court exceeded its authority when it sentenced the petitioner and retained him in federal custody when he was previously serving an undischarged state sentence[.]" Reply (Doc. 20) at 3. Petitioner's argument misapprehends the priority of jurisdiction and the District Court's authority to order him to serve his federal sentence prior to completion of his undischarged sentence in the State

- 7 -

of Tennessee.

Petitioner's argument requires the Court to determine whether the state or federal government had primary jurisdiction over him at the time his federal sentence was imposed on May 7, 1996. "The term 'primary jurisdiction' in this context refers to the determination of priority of custody and service of sentence between state and federal sovereigns." *Taylor v. Reno*, 164 F.3d 440, 444 n. 1 (9th Cir. 1998) (citations omitted). Here, Petitioner was serving time in the State of Tennessee, escaped, and then was arrested by federal authority in Nevada. The Ninth Circuit Court of Appeals has unequivocally addressed this factual scenario explaining:

> Even though a person has been physically seized, his body must be held in manual custody. Otherwise, the officers and the court may lose jurisdiction of his person. **If defendant escapes**, is released on bail or probation or parole and does not present himself in court, **the proceedings must**, in strict construction, **cease**. The only method by which the tribunal may reassert jurisdiction is by 'arrest.' In the meantime, if the accused comes within the territorial jurisdiction of another sovereign, the latter may seize his body and continue him in physical custody if he be accused of an offense against the peace and dignity thereof. **Seizure of the body by the latter postpones all claims based upon prior initiation of the proceedings or previous arrest by another sovereign until in some way possession may be resumed by the latter.**

*Strand v. Schmittroth*, 251 F.2d 590, 599–600 (9th Cir. 1957) (emphasis added).

"Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns." *United States v. Warren*, 610 F.2d 680, 684 (9th Cir. 1980). "The sovereign who lacks possession of the body 'permits' another to proceed against the accused, not through grace, but by necessity." *Strand*, 251 F.2d at 606. Moreover, "so

- 8 -

long . . . as either sovereign has possession of the body of accused, it may proceed until judgment is satisfied." *Id.* at 604.

In the instant case, Petitioner was in the custody of the State of Tennessee, escaped, and subsequently arrested by federal authorities in Nevada. Petitioner's escape caused Tennessee's jurisdiction to cease pending re-arrest by the State of Tennessee. Petitioner's arrest by federal authorities gave the United States priority of jurisdiction over Petitioner for the federal crimes he committed. *See Strand*, 251 F.2d at 604. The State of Tennessee has appropriately lodged its detainer with BOP indicating its intent to take custody of Petitioner upon completion of his federal sentence. Accordingly, the Court finds that the United States has primary jurisdiction over Petitioner and his Petition is without merit.

### *D. Conclusion*

In light of the foregoing, the Court finds that Petitioner's Petition (Doc. 8) is without merit and shall be denied.

## III. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) SUBSTITUTING J.T. Shartle, Warden, as Respondent for Charles E. Samuels, Jr. pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure;

(2) DENYING Petitioner's Second Amended Petition Under 28 U.S.C. § 2241

for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 8); and

(3) DENYING Respondent's Motion to Dismiss (Doc. 17).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-13-1057-TUC-JAS**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 27th day of May, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge